UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALESA LYN HART,<br><br>    Plaintiff<br><br>v.<br><br>MARY DILLON and ULTA BEAUTY,<br><br>    Defendants | Case No.: 2:21-cv-00750-APG-NJK<br><br>**Order Accepting Report and Recommendation, Overruling Objections, Denying Motion for Attorney's Fees, and Dismissing the Case**<br><br>[ECF Nos. 6, 9] |

      This is one of many cases filed by Hank Falstad purportedly acting as the attorney for each individual plaintiff. In this case, Falstad contends he has been engaged by plaintiff Alesa Lyn Hart to make the defendants comply with the Americans with Disabilities Act (ADA) with respect to their buildings and sites. The complaint is signed by Falstad as "Architect for Plaintiff." ECF No. 1-1 at 21. It is not signed by Hart or an attorney representing Hart.

      On May 7, 2021, Magistrate Judge Koppe ordered Hart to file an amended complaint because (1) Falstad is not an attorney, so he cannot represent Hart in this court; (2) the complaint was not signed by Hart or her attorney as required by Federal Rule of Civil Procedure 11(a); and (3) neither Hart nor Falstad paid the filing fee or applied for leave to proceed *in forma pauperis*. ECF No. 3 at 29-30. Judge Koppe therefore ordered Hart to file an amended complaint signed by her or her attorney and to pay the filing fee or file an application for leave to proceed in forma pauperis by June 7, 2021. *Id.* at 30.

      Hart did not file an amended complaint, pay the filing fee, or file an *in forma pauperis* application, so Judge Koppe recommended that I dismiss this case without prejudice for failure to prosecute. ECF No. 6 at 28-29. Hart did not object, but Falstad did. Falstad's response largely consists of explaining who he is and what he hopes to achieve on behalf of making

building owners comply with the ADA. ECF No. 7. He also filed a supplemental response in which he contends there should be a new special court to address whether a particular property is ADA complaint. ECF No. 8. He contends no filing fee is required because the plaintiff is reporting a case to the executive branch of government. *Id.* at 2. He does not address the other points raised in Judge Koppe's order. He also filed a motion for attorney's fees, labeled as "invoice," in which he contends that he is entitled to attorney's fees in the amount of $6,000,000 as a prevailing party. ECF No. 9 at 1.

I review de novo Judge Koppe's recommendation to dismiss this case. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b). Falstad cannot represent Hart because he is not an attorney. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities."). Additionally, Hart did not comply with Judge Koppe's order to file an amended complaint signed by her or her counsel as Rule 11(a) requires, nor did Hart pay the filing fee or seek *in forma pauperis* status. Judge Koppe properly weighed the factors supporting dismissal based on Hart's failure to comply with the order and I adopt her analysis. *See* ECF No. 6 at 28-29.

Falstad's argument that no filing fee is necessary because this is a complaint to the executive branch is meritless. This is a lawsuit filed in federal court. And the defendants are a private individual and a commercial enterprise. Neither of them is a member of the executive branch. I therefore overrule Falstad's objections and adopt Judge Koppe's recommendation to dismiss this case without prejudice.

I deny Falstad's request for attorney's fees. He is not an attorney nor has he or Hart prevailed in this action.

I THEREFORE ORDER that Magistrate Judge Koppe's report and recommendation **(ECF No. 6) is accepted**, interested party Hank Falstad's motion for attorney's fees **(ECF No. 9) is denied**, and this case is dismissed without prejudice.

I FURTHER ORDER the clerk of court to close this case.

DATED this 19th day of August, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE